# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIFFANY N. YANDELL, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| GRIGSBY'S CARPET SHOWROOM, INC., d/b/a GRIGSBY'S CARPET & TILE RUG GALLERY, | ) ) ) ) |
| Defendant. | ) ) |

Case No. 11-CV-174-GKF-FHM

## OPINION AND ORDER

Before the court are the Motion for Summary Judgment [Dkt. #30] and the Motion for Sanctions Pursuant to Fed.R.Civ.P. 11 [Dkt. #41] filed by defendant Grigsby's Carpet & Tile Rug Gallery ("Grigsby's").

Plaintiff was employed as a sales representative for Grigsby's from June 2007 through March 2010. Plaintiff engaged in a consensual sexual relationship with James Stover ("Stover"), the president of Grigsby's, from approximately late 2008 until August 2009. During their sexual relationship, Stover bought her gifts and assisted her financially and—according to plaintiff— referred so many customers to her that she ranked first in sales at Grigsby's. She contends that after she ended the relationship and began a relationship with another man, Stover responded angrily, following her around town, threatening her and refusing to refer customers to her. She

complained about the alleged harassment to Stover's son, David Stover, who was also an officer of Grigsby's. On March 10, 2010, she was discharged by Grigsby's.

On December 6, 2010, plaintiff filed her complaint with the Equal Employment Opportunity Commission ("EEOC"). On January 6, 2011, EEOC issued plaintiff a "right to sue" letter. Plaintiff subsequently filed suit against the employer, asserting four claims for relief:

> Count I—sexual discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, based on quid pro quo harassment and hostile work environment;
>
> Count II—retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;
>
> Count III—quid pro quo sexual harassment in violation of the Oklahoma Anti-Discrimination Act, 25 O.S. § 1302 and public policy pursuant *Burk v. K-Mart Corp.,* 770 P.2d 24 (Okla. 1989);
>
> Count IV—wrongful discharge in violation of the Oklahoma Anti-Discrimination Act, 25 O.S. § 1601 and public policy pursuant to *Burk.*

## I. Motion for Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Once a motion for summary judgment is properly made and supported, the opposing party has the burden to show that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1984). The non-moving party must "identify sufficient evidence which would require submission of the case to a jury." *Jencks v. Modern Woodmen of America,* 479 F.3d 1261, 1264 (10th Cir. 2007).

Plaintiff's federal claims for sexual harassment and retaliatory discharge are subject to the burden-shifting regime set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804-05 (1973). First, plaintiff has the burden of proving by the preponderance of the evidence a prima

facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the adverse action. Third, should the defendant carry this burden, plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pre-text for the discrimination. *Id.* Where a plaintiff's federal discrimination claim fails, so too does her OADA claim. *See Barzellone v. City of Tulsa,* 2000 WL 339213, at *5 (10th Cir. Mar. 31, 2000) (unpublished).

### Prima Facie Claims

The elements of a prima facie quid pro quo case are: (1) the employee belongs to a protected group; (2) the employee was subject to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the employee's reaction to the harassment complained of affected a tangible employment action; and (5) the harasser was the employee's supervisor. *Burlington Industries, Inc., v. Ellerth,* 524 U.S. 742 (1998); *Faragher v. City of Boca Raton,* 524 U.S. 775, (1998).

The prima facie elements of a Title VII retaliation claim are: (i) plaintiff engaged in protected opposition to discrimination; (ii) a reasonable employee would have found the challenged action materially adverse; and (iii) a causal connection existed between the protected activity and the materially adverse action. *Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006).

Defendant asserts plaintiff has failed to establish a prima facie claim of harassment because "[t]here is no record of Plaintiff making any complaint (written or oral) to anyone at Grigsby's (including Penny Carnino—director of operations) concerning any alleged harassment, or that Plaintiff was otherwise displeased with her work environment." [Dkt #30 at 6].

3

The record clearly belies this statement. Plaintiff testified she complained to an officer of Grigsby's and another sales representative about Stover's alleged harassment. [Dkt. #47, Ex. D, Tiffany N. Yandell Affid., ¶11]. Moreover, Stover admitted in his deposition that Yandell complained about his alleged harassment to his son, David Stover (an employee and officer of the company) and to another employee, Cindy Gowing, and that Carnino told him about Yandell's complaints concerning his behavior. [Dkt. #47, Ex. B, James Stover Dep., 115:21-116:22; 131:3-132:14].[1] Further, Stover testified that when he learned of her complaints, he wrote plaintiff a letter challenging the accusations and "put her on notice that I wasn't going to tolerate that anymore" and by that he meant, "We were going to have a parting of company." [*Id.,* Ex. B, Stover Dep., 115:21-116:22; 131:3-132:14; Ex. G, Letter from Stover to Yandell].[2]

Similarly, defendant contends it is entitled to summary judgment on Counts II and IV, arguing, "Plaintiff never reported any alleged improper conduct to anyone at Grigsby's, and therefore Plaintiff could not have been retaliated against." [Dkt. #30 at 7]. As noted above, contrary to defendant's assertion, there appears to be no dispute that plaintiff complained about alleged harassment on the part of James Stover, and the elder Stover responded by writing a letter to plaintiff.

**Pretext**

Defendant also argues it is entitled to summary judgment on all four claims because it has articulated a legitimate nondiscriminatory reason for terminating plaintiff's employment.

---

[1] Stover testified plaintiff told his son and Cindy "that I was following her around and I was ragging on her all the time." [Dkt. #47, Ex. B, 115:21-23].

[2] In the letter to Yandell, Stover listed occasions on which he had followed her to various locations in Tulsa, along with detailed explanations of why he had done so, and what had transpired on those occasions. [Dkt. #47, Ex. G]. Plaintiff also submitted a timeline Stover prepared about his contacts with Yandell, concluding with the question, "Now how is that ragging on you all week?" [Dkt. #47, Ex. F].

Specifically, it asserts that the company was experiencing a downturn in sales and needed to eliminate a sales position; plaintiff, as the lowest performing sales representative, was selected for the layoff. [Dkt. #30 at 8-9].

Defendant contends plaintiff has failed to come forward with any evidence of pretext to refute its proffered legitimate business reason for discharging her. The court disagrees. The evidence that plaintiff had complained about Stover's alleged harassment and Stover had responded in writing, and "put her on notice that I wasn't going to tolerate that anymore" supports plaintiff's claim of pretext. Additionally, plaintiff was the only sales representative whose position was terminated and Grigsby's hired a male sales representative within approximately 45 days after plaintiff's termination. [Dkt. #47, Ex. A, Penny Carnino Dep., 124:13-19]. This evidence suffices to create a genuine dispute of material fact as to whether defendant's stated reason for discharging plaintiff is pretextual.

Defendant's Motion for Summary Judgment must be denied.

## II. Motion for Rule 11 Sanctions

Defendant, in its Rule 11 motion, reiterates the statement of facts contained in its summary judgment motion and seeks sanctions against plaintiff for filing this lawsuit. Defendant contends plaintiff's claims in this lawsuit have no support in law or fact.

The court has found genuine issues of material fact preclude summary judgment. Therefore, defendant's motion for sanctions lacks merit.

## III. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment [Dkt. #30] and Motion for Sanctions Pursuant to Fed.R.Civ.P. 11 [Dkt. #41] are denied.

ENTERED this 25th day of May, 2012.

*signature*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT